

In the United States District Court
For the Southern District of West Virgina
Beckley Divison

5:25cv00316

Kionta Garner
"Petitioner"

Vs.

FCI Beckley Warden
"Respondent"

Petition For Habeas Corpus Pursuant to 28 U.S.C. 2241

Comes Now, the defendant, Petitioner, Kiona Garner, Pro-se, referred hereafter to as ("Garner") respectfully moves this honorable Court to Grant his 2241.

And in Support thereof, "Garner" Convey as follows:

A. Memorandum of Law in Support

The Petitioner request for this Honorable Court to "construe" the enclosed pleadings "liberally" pursuant to Haines V. Kerner, 404 519, 92 S. Ct. 590, 30 L. Ed. 2d. 652 (1972) holding that "Pro-se" litigants such as petitioner be held to lesser standards on review than lawyers, constructions, and briefs.

Under 28 U.S.C. 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States. "28 U.S.C. 2241(c)(3). A federal Court has jurisdiction over such a petition if the petitioner is "IN Custody" and the custody is allegedly "in violation of the Constitution of laws or treaties of the United States. "28 U.S.C. 2241(c)(3); Maleng V. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d. 540 (1989).

Under the framework of "LOPER BRIGHT ENNTERS V. RAIMONDO" No-22-451, this Supreme Court decision is appropriate and ambiguous to this case because federal agencies, like the BOP, are failing to follow federal statues and laws by mis-interpreting the first step act and so, prison officials are not acting within statutory authority.

The Burden to show that he is in violation of the constitution (or laws) of the United State is on the prisoner. Allen V. Penns, 424 F. 3d. 2d. 134, 138 (6thCir.1970) or see Rose V. Hodges 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46, L. Ed. 162 (1975).

A Prisoner may challenge the executions of his sentence including the computation of a sentence by a prison official. Levine V. Apker, 455 F. 3d. 71, 78 (2dCir.2006).

On December 21, 2018, Congress enacted the FSA "with the purpose of modifying prior sentencing law and expanding vocational training early-release programs, and other initiatives designated to reduce recidivism. United States V. Venable, 943 F. 3d. 187, 188 (4thCir.2019).

(The First Step Act of 2018 ( the "FSA") P. L. 115-391, 102(b)(1), 132 STAT. 5194 5210. (Dec.21.2018))

In Yufenyuy V. Warden, FCI Berlin, No-22-CV-443-AJ (New Hampshire 3-7-2023), the defendant motion was granted because the defendant make a showing of a sentence in violation of the constitution and law or treaties of the United States. In that case, the BOP failed to apply FSA credit to his sentence and thus, the district court found this to be a violation of federal law

and the first step act. Therefore, he contends this case is ambiguous to his case now because he too is being denied credits from when his sentence and judgement was entered or case supports his FSA Credits position.

In Borker V. Warden, FMC Devens, No-24-10045-LTS (Mass.5-15-2024), the defendant motion was granted because the defendant there made a sufficient and adequate showing of a sentence in violation of the Constitution and law or treaties of the United States. In that case, the defendant claims the BOP unlawfully denied him certain time credits under the first step act. Therefore, he contends this case is ambiguous to his case because he too is being denied credit from when judgement of sentence was entered or case supports his FSA Credits position.

In Doe V. Federal Bureau of Prison, No-23-CV-5365 (AT)(JL)(USDC SD NY)(12-28-23), the defendant motion was granted because the defendant there made an adequate and proper showing of a sentence in violation of the constitution and laws of the United States. He contends he case is ambiguous to his own case because he too is being denied the application of his FSA Credit toward his federal sentence along with his RRC/HC credit.

In Woodely V. Warden, USP Leavenworth, No.24-3053(JWL)(Kansas May 15, 2024), the defendant motion was granted because he made a showing of a sentence in violation of the laws of the United States and Constitution. In that case, Woodely had (445) days of RRC/HC that the BOP failed to apply to his sentence, due to limited SHU bedspace. This case is ambiguous to this case, because the petitioner is being denied ALL his FSA credit.

In Aron V. Lamanna, 4 Fed. App'x 232, 233 (6thCir.2009)(unpublished)(noting exception); Goar V. Civiletti, 688 F. 2d. 27, 2829 (6thCir.1982)(a long line of supreme court cases recongnize that rule that a party not exhaust administrative remedies before bring a claim to federal court when the administrative remedy is ineffective or inadequate or not efficious or cannot provide the relief request.) McKart V. United States, 395 U.S. 185, 200 23 L. Ed. 2d. 194, 89 S. Ct. 1657 (1969); Patsy V. Florida interraty University 457 U.S. 496 73 L. Ed. 2d. 172 102 S. Ct. 2557 50 U.S. WL 4731 1982 (collected cases).

In Raminez V. Phillips 2023 WL 8878993 at *4 (E.D. Dec 22, 2023)(Agreeing with interpretation that transfer to pre-release custody is mandate)(BOP has no discretion not to transfer;)(Kamonda V. Lunam 2023 WL 310580, at *4-8 (D.W.H Jan 13 2023)(transfer to pre-release was required despite outstanding detainer, rejecting argument that the BOP had discretion.

## Citation of Authority

A federal prisoner may challenge the BOP calculation of the duration of a sentence by filling a pre-trail for Writ of Habeas Petition. Fantanez V. O'Brien, 807 F. 3d. 84, 86-87 (4thCir.2015). Accordingly, a "Request for sentencing credit is properly brought under 2241."United States V. Little, 392 F. 3d. 671, 679 (4thCir.2004).

As exhaustion is not jurisdictional prerequisite, Courts have discretion to waive the requirement where administrative remedies are inadequate or futile, irreparable injury would result, or the administrative proceedings would be void. See Ward, 678 F. 3d. at 1045; See also Lang V. Ashcroft, 370 F. 3d. 994, 1000 (9thCir.2004).

Other Courts have upheld this reasoning, as sufficient to waive exhaustion, See e.g. Arellano-Ortiz V. Quintana, No-23-06290-ADS,- 2024 WL 648683, at *3 (C.D.Cal. Jan.5.2024)(waiving exhaustion); Brown V. Rieger, No-2:22-CV-209245, at *16 (D.Me.Nov.18, 2024)(waiving exhaustion in part because "administrative process alone was likely to take 90days", exceeding petitioners release date), R & R adopted, 22WL 17184294, 2022 U.S Dist.. Lexis 212189 (D.Me.Nov.28.2022), appeal filed, No-22-1945)(1st Cir. Dec.1, 2022); Nelson V. Coz, No-20-CV-04199-KES, 2021 WL 1221178 at *2, 2021 U.S. Dist. Lexis 64041, at *4 (D.S.D.Apr.1,2021)(waiving exhaustion because petitioner is [2024 Dist. Lexis 7] allegedly entitled to be released"); Stiger V. Haynes, No. 2:13-CV-00025-SWN-JJV, 2023 WL 3965425, at *2, 2013 U.S. Dist. Lexis 10729, at *3 (E.D. Ark.July 9, 2012).

(Exhaustion futile, as "it would take a prisoner a minimum of 90 days to complete the [BOP] administrative remedy exhaustion process, and the process could take as long as 160 days"). R & R adopted, 2013 WL 3965425, 2013 U.S. Dist. Lexis 107282 (E.D.ARK. 7.31, 2012)

"[A]lthough the Fourth Circuit has not ruled on the issue, federal courts around the country have routinely read section 3624(g)(1)(a) to mean [2024 U.S. Dist. Lexis 8] that "the BOP is permitted to apply credits only once an inmate earned enough credits to equal the remainder of [his] sentence. "Lauave V. Marinez, 22-CV-791 (NGG)(RLM), 609 F. SUPP 3d. 164, 2022 WL 23388896, at *11 (E.D.N.Y.June 29, 2022), Turner V. Heisner, No-22-CV-00178-PHX-JAT (ESW), 2022 U.S. Dist. 88543, 2022 WL 2195348, at *3 (D. Ariz May 16, 2022)(FSA earned time credits can be applied to pre-release custody or Supervised release only when accumulated credits are equal to the remainder of the prison term). Miehn V. Warden, No-3:22-CV-195 (KAD), 2022 U.S. Dist. Lexis 93640, 20200 WL 1658836, at *3 (D.Conn May 25, 2022)(same); Mius V. Starr, No.21-1335 (SRN/BRT), 2022 U.S. Dist. Lexis 160325, 2022 WL 4084178, *4 (D.Minn.Aug 17, 2022)(same).

However, petitioner first contends exhaustion is futile, unavailable, and inadequate because he is serving a sentence in violation of the constitution and laws of the United States and so, his claim is meritorious and availing thus, entitling him to relief pursuant to 28 U.S.C. 2241(c)(3). Furthermore, there is no need to develop a factual record because the BOP will not change or invaildate 28 C.F.R 523.44(b) for medium or High risk level inmates given that BOP officials adopted a mis-interpretation of the first step act statue as it relates to 18 U.S.C. 3624(g)(1)(a)&(b).

Several district courts applying section 3624(g)(1)(a) have utilized the total number of FSA ETCs when calculating whether the prisoner had earned ETCs equal to the remainder of the prisoner's sentence. See e.g. Cole, U.S Dist. Lexis 93617, 2024 WL 2702917, at *3 (anaylzing total number of ETCs); Urenda Warden, 2024 U.S Dist. Lexis 22513, 2024 WL 946242, at *2 (E.D.Cal. Feb.8, 2024)(assuming petitioner was entitled to the total number of ETCs, including credits toward pre-release custody and supervised release), adopted by 2024 U.S. Dist. Lexis 59794, 2024 WL: 1367911 (E.D. April. 1, 2024); Shults V. Birkholz, 2023 U.S. Dist. Lexis 33494, 2023 WL 2339888, at *2 (C.D. Feb. 27, 2023)(explaining ETCs can only be applied toward pre-release custody or Supervised release), accepted by 2023 U.S. Dist. Lexis 33563, 2023 WL 2266105 (C.D. Cal. Feb. 28, 2023). Ramierez V. Phillips 2023 WL 8878993 at *4 (E.D. Cal Dec. 22, 2023 (agreeing with interpretation that transfer to pre-release custody is mandate, BOP has no discretion not to transfer; Komando V. Luna, 2023 WL 310580, at *4 -8 (D.W.H. Jan 13,2023) transfer to pre-release custody was required despite outstanding detainer, rejecting argument that the BOP had discretion

Federal inmates have two avenues for pursuing habeas corpus for releif." Davenport V. Birkholz, No. CV-23-01362-PHX-DJH (DMF), 2023 WL 9686338, at *3 (D. Ariz. Dec. 27, 2023), report and recommendation adopted, No. CV-23-01362-PHX-DJH, 2024 WL 639987 9D (Ariz Feb.15, 2024). "Review of the execution of a sentence may be held through a petition for writ of habeas corpus under 28 U.S.C. 2241. "United States V. Giddings, 740 F. 2d. 770, 772 (9thCir.1984). A habeas petition challenging the "manner, location or condition of a sentence's excution" must be brought pursuant to 28 U.S.C. 2241. Davenport , 2023 WL 9686338, at *3 (quoting Hernandex V. Campbell, 204 F. 3d. 861, 864 (9thCir.2000). A district court must "award the Writ or Issue an order directing respondent to show cause why the Writ should not be granted, unless it appeas from the application that the applicant or person detained is not entitled thereto. 28 U.S.C. 2241.

Although the district court does not have subject matter jurisdiction to review individualized discretionary determinations made by the Bureau, judical review is available for allegations that [Bureau] actions is contrary to establish federal law, violates the United States constitutional, or exceeds the B[ureau]'s statutory authority." Chatman V. Fed. Buearu of Prison, No. CV-20-02291-PHX-RRC-(CDB), 2021 WL 11421799, at *5 (D.Ariz Apr.7, 2021), report and recommendation adopted, No. CV-20-02291-PHX-RRC, 2021 WL 2533469 (D. Ariz. June 21, 2021)(Citing Close V. Thomas, 653 F. 3d. 970, 973-74 (9thCir.2011); Reeb V. Thomas, 636 F. 3d. 1224, 1228 (9thCir.2010). See Davenport, 2023 WL 9686338, at *4 n 6 (Recognizing the district courts jurisdiction in 2241 proceedings to decide whether Bureau's actions comported with establish law, the united states constitution, or were within its statutory authority and rejecting the respondent's argument that the Adminstrative Procedures Act and the district courts lack of authority to review Bureau discretionary undermined the district courts 2241 jurisdiction). Barnes V. Smith, No. CV-11-02413-PHX-DGC, 2012 2590494, at *3 (D.Ariz July 3, 2012)( recognizing that B[ureau] actions is contrary to establish federal law, violates the United States Constitution, or exceexds its statutory athority).

*

### Disallowed FSA Sentencing Credits

FCI Beckley's "erroneously" and "incorrectly" determined that Petitioner was "ineligible" and "disallowed" to receive FSA time credits from 1/23/2024 through 03/05/2024. During this periods the BOP placed him in non-earning status which, at best, violates the first step act and federal law, thus making this habeas petition availing and meritorious on its face. First, the BOP enlisted regulations of 28 C.F.R. 523.42(a) (&) 28 C.F.R. 523.42(a), BOP policy, and BOP practice works to violate the petitioners rights under federal law because his placement in non-earning status was arbitrary and unjust. To the contrary, multiple federal judges deemed the BOP regulation invalid and the decisions issued throughout the year from March through December of 2024 (Citing those cases), district and magistrates judges in New Hampshire, Hawaii, and Washington rejected the respondents reliance on the same regulation after finding it conflicted with the plain language of FSA. Therefore, this Court must do the same and determine that petitioner was to eligible to accrue time credits when his judgement of sentence had entered. However, in this case, judgement entered 1/23/2024 and petitioner arrived at his federal facility on 03/05/2024, but didn't receive credit during this applicable period.

Moreover, the Court must find the FSA requires an inmate to be permitted to earn time credits when his judgement of sentence enters (as he then already "in custody transport" to a designated facility) but here, the BOP regulations also prevents him from earning such applicable credits until after his transport when he arrives at the designated facility. The court must find that the BOP invalid regulation, policy, and practice contravenes the command of congress, something the BOP simply cannot do. The FSA plainly requires that a prisoner shall earn time credits at the rate described...... after the person "sentence commences" Doc. No.20 at *8 (quoting 18 U.S.C. 3632(d)(4)(a)(ii) and Yufenyuy V. Warden FCI Berlin 659, F. SUPP. 3d. 213, 217-18 (D.N.H.2023)

More importantly, prison officials are not acting within statutory authority, which clearly violates his constitutional rights and laws of the United States thus, making LOPER BRIGHT have bearing on this particular case. Furthermore, he contends the BOP has violated the first step act, as a result of his 'missing earned time credit, that should have been "applied" from the date the petitioner sentence commences under 3585(a) not thereafter a person arrival at a BOP particular facility. Due to the BOPs mis-interpretation of federal law and statues this becomes an "abuse of discretion" of part of an government official who is acting outside of statutory authority, which is arbitrary and found to be capricious as well because of how the BOP generally calculates and awards time credits to prisoners it view as "eligible" for FSA

sentence would be inaccurate, improper, and invalid. More importantly, the BOP had until January 15, 2022 to properly award every federal inmate their FTC's but here, the BOP failed the Court as well as the Public by not properly awarding the petitioner all the credit he was allowed to receive as per FSA.

Some district courts have held that FTC should be applied from the date a prisoner sentence commences under 3585(a), they have held that the provisions, combined with 18 U.S.C. 3632(d)(4)(a)-(b), makes it clear that prisoners "shall" earn time credits, at the statutory rate, for all qualified programs in which they successfully participate except for the programs in which they participated while imprisoned either before the FSA was enacted or in detention before the date when their "sentence commences" under [18 U.S.C. 9585(a)] "see Umejesi V. Warden, No-22-cv-251-SE, 2023 WL 4101471, at *3 (D.N.H Mar.16,2023)(alteration in original)(quoting 18 U.S.C. 3632(d)(4)(b)(ii), report and recommendation adopted, 2023 WL 4104155, at *1 (D.N.H Mar.30.2023). The BOP may contend that "successful Participation" is entitled to some "deference" but that mis-interpretation ended with LOPER BRIGHT, given that prison officials mis-interpretations of the plain language of the FSA statue is now subject to re-review by this Court. Which is why this district court should find the same as above and Grant the petitioner all his missing and disallowed time under these circumstances.

## First Step Act Credit

As a prudential matter, FCI Beckley has "erroneously" and "incorrectly" determined and "affirmed" the position that petitioner's recidivism is not a low risk level. This illegal 'mis-classification of his risk level prohibits the accumulations and application of his first step act credit thus, rendering this habeas petition meritorious and availing on its face. He contends it is 'incomprehensible that his recidivism level hasn't decreased or declined, since his completion of 1) Evidence Based Recidivism Level Program Known as (EBRR) and 2) Productive Activities known as (PA's).

No meaningful argument would exist, that can furnish justification nor can confirm the BOP's set decision of denying petitioner his earned time credits, especially given his underlying circumstance. Consequently, this plagues his statutory and constitutional rights under federal law because his "active" and "Current" sentence, as per calculated by the "FBOP" exceeds the laws of the United States, is contrary to establish law, and violate the constitution thus, making 28 U.S.C. 2241(c)(3) applicable to his case. He further contends FSA actually disincentivizes medium and High risk inmates because medium and high's are required to take programs that are not (FSA) design, as such, those inmates wont get credit for, while other inmates get the credit for the same programs which is arbitrary and unfair.

As such District court around the world has commissioned that the BOP has either (1) mis-interpreted the (FSA) statue and (2) failed to properly award and implement (FSA) credits to eligible inmates, just like the petitioner herein. This is case to where the BOP even failed to award him his earned time credits from when he was first sentenced until he arrived to the BOP. Meaningfully here, petitioner has earned enough time credits, and has demonstrated clear and convincing evidence of why the BOP has failed to re-assign his risk level or reduce his risk level. In this case, the petitioner has (1) signed up or completed numerous programs (2) received none or minor infractions and (3) maintained a job his entire incarceration. However, without his FSA credit he would generate and suffer from a irreparable injury or immediate harm because of the BOP failure to follow federal laws that are being mis-interpreted by prison officials who are acting outside of statutory authority. It is noteworthy that the variables that make up his pattern score are invalid because at least (3) indifferent variables is plaguing his sentence in a cognizable way that is unconstitutional.

Under 18 U.S.C. 3624(g)(1)(a)&(b), the petitioner can either establish his immediate release or that, he is eligible for a risk level reduction. Furthermore, with the petitioner ( 130 ) days toward release, coupled with his ( 12 ) months for second chance act, notwithstanding his RRC of ( 0 ) days, this certainly would furnish an accurate and correct new projected release date of 11/5/2024. It should be noteworthy that FCI Beckley admittedly could not explain with his risk level hasn't decreased or changed this time so far, in which this court must presume, is another attempt and constitutional violation of where the BOP is denying an eligible inmate their earned time credits by means of misrepresentation and mis-interpretation and is causing him to suffer a unduly delay on part of his sentence.

Petitioner contends his claims is ripe for judicial review because there is a controversy presented in clean-cut and concrete form because 18 U.S.C. 3624(g)(1)(a)&(b) does not [exclude] medium or high risk level inmates from applying their earned time credits. Furthermore, he contends that the BOP has adopted an interpretation that only inmates with a minimum or low risk level assessment are eligible to apply their earned time credits. However, there are numerous inmates here at FCI Beckley with releases dates in the future that has already been awarded (365) days off their sentences despite the amount of earn time credits is not equal to the remainder of petitioner term of imprisonment. Therefore, the BOP has improperly failed to implement 18 U.S.C 3624(g)(1)(a)&(b) sufficiently in a manner that is consistent with the plain language of the first step act thus, rendering this opinion favorable to the petitioner.

## Certificate of Service

I hereby certify that copy of this motion has been deposited into the hands of a prison official under the mailbox rule. See Fed. R. Civ. P 4(c)(1); Houston V. Lack, 487 U.S 266, 278 (1988).

Date: 5/7/25

Respectfully Submitted

Kionta Garner #
FCI Beckley
P. o box 350
Beaver, WV, 25813